## TAIT & McINTOSH V. SHERMAN *et al.*

1. MEASURE OF DAMAGES: SPECIAL CONTRACT: QUANTUM MERUIT. In an action upon the *quantum meruit* for work and labor done under a special contract, the measure of damages is the reasonable value of such work and labor less the amount paid therefor by defendant, and the amount of damages to which he is entitled by reason of the non-performance of the contract by the plaintiff.
2. DISCRETION. The admission of a replication to the files in a case after the jury is sworn to try the same, is the exercise of a discretion with which the Supreme Court should not interfere when it does not appear that the appellant was prejudiced thereby.

*Appeal from Polk District Court.*

TUESDAY, NOVEMBER 8.

THE material facts are stated in the opinion of the court.

*Casady & Crocker*, for the appellant argued: 1. The court erred in permitting the plaintiff to file a replication to defendants' answer to the amended petition after the jury was sworn to try the issue; *Cole* v. *Swan*, 4 G. Greene 32. 2. Also in permitting the plaintiff to show that the assignor, Shaw, did work for which no provision was made in the contract assigned to plaintiff, which is the basis of this action. 3. In permitting the plaintiff to show that the assignor, Shaw, had rendered services and performed labor for the defendant, without showing that the account for such services and labor had been transferred to the plaintiff; Chit. Pl. 342; 1 Bur. Pr. 130; *Eyser* v. *Weisgerber*, 2 Iowa, 463. Before the plaintiffs can recover upon the *quantum meruit*, they must show either that the special contract had been wholly abandoned, its contents varied by mutual consent of parties, that they have been injured by the neglect or omission of the defendants to perform their part, or that the performance of the express agreement has been rendered impossible through the default of the defendants; Story Contr. 9; 22 Wend. 334; 2 Pick. 345. 4. The court did not instruct the rule as to the proper measure of damages. If

Tait & McIntosh v. Sherman et al.

plaintiff abandons the special contract and seeks to recover upon the *quantum meruit*, the measure of damages is the reasonable value of the services, deducting the amount paid, and the amount of damages sustained by defendant by reason of the non-fulfillment of the contract on the part of plaintiff's assignor.

*Cole & Jewett*, for the appellees, argued: 1. The question presented as to the admission of the replication to the files after the jury was sworn is one of *practice*, and the order of the court below was made in the exercise of a discretion with which the appellate court will not interfere unless the appellant was prejudiced thereby; *Latterett* v. *Cook*, 1 Iowa and cases there cited; *Hawkins* v. *Edwards & Turner*, Ib. 296; *Western Stage Company* v. *Walker*, 2 Ib. 504. The plaintiff could amend his pleadings by filing a replication at any stage of the proceedings; *Bebb* v. *Preston*, Garnishee, 3 Iowa 325; *Hunt* v. *Collins*, 4 Ib. 56, Code of 1851, sections 1756, 1759, 1759. 2. That a party may recover on a *quantum meruit* for work and labor done under a special contract not fully performed, without showing a waiver of the contract, or that the failure to perform was not his fault, is shown by 5 Greenl. Ev. sections 104, 136*a;* Chit. Cont. (5th Am. ed.) 569 and notes; Pars. Cont. 524, 525 and notes; *Britton* v. *Turner*, 60, 481; *Fenton* v. *Clarke*, 11 Ver. 560; *Haywood* v. *Leonard*, 7 Pick. 181; *Smith* v. *The First Congregational Meeting House, Lowell*, 8 Ib. 176; *Simmingdale* v, *Livingstone*, 10 John. 36; *Laden* v. *Seymour & Wood*, 24 Wend. 60; *Wadleigh* v. *The Town of Sutton*, 6 N. H. 15; *Cutter* v. *Powell*, 5 Smedes & M. 712; *Jewell* v. *Schnœppel*, 6 Cowen 564; *Davis* v. *Fish*, 1 G. Greene 406; *Crookshank* v. *Mallory*, 2 G. Greene 257; *Buford & Co.* v. *Funk*, 4 Ib. 496; *Eyser* v. *Weissgerber*, 2 Iowa, 483.

WRIGHT, C. J.—Plaintiffs seek to recover for work and labor done, material furnished, &c., by one Shaw, in and about the erection of a bridge across the Des Moines River. The defendants are styled the "Board of control of the Avenue

Bridge Company." In the course of the proceedings and trial several exceptions were taken by the defendant to the rulings of the court, some of which we will notice specially and others generally.

The work was performed under a written agreement. Shaw failed to fulfill the entire contract. The court instructed the jury; "that if any work of value was done on the construction of said mason work or Bridge, though not according to the contract, the plaintiffs are entitled to recover the value thereof, less the amount paid."

Granting that under the petition as amended, the plaintiffs could recover, as upon the *quantum meruit* count, this instruction would still be erroneous. It fails to take into the account the damages of defendants by reason of the breach of the contract by said Shaw. Their damages are set up in the answer, and the rule in such cases is too well settled to need more than its statement. Indeed, in another part of the case, it seems to have been recognized, while in the instruction above set out it was entirely omitted.

The jury may have followed this erroneous partial statement of the rule. It is not like the case where a proper instruction has been refused, but which has been given in substance in the instructions in chief. It is the affirmation of a rule, which is erroneous and calculated to mislead.

Under the circumstances we think there was no error in permitting the plaintiffs to reply to the answer, or at least no such abuse of the discretion lodged with the court, as to justify one interference.

Questions are made as to the necessity of attaching a bill of particulars to the petition and of showing the assignment of the account for the work and labor, by Shaw to the plaintiffs. The objection is also made that all the counts are special and that no proof can be received of a partial performance of the contract. These questions we pass for the present, for the reason that if plaintiffs' petition is defective in these respects, defendants are, if possible, in a worse condition as to their answer. Strictly they never have answered

The only answers found in the record, are made by the "Avenue Bridge Company," a party unknown to the record and not complained against in the petition. And this singularly confused. condition of the proceedings is followed up by a verdict against the defendants and judgment against them and the Bridge Company.

Upon a record so confused, we would not undertake to pass upon the question above alluded to, but for the error before stated will reverse the case, and remand it with leave to both parties to replead.

Judgment Reversed.